### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT PADUCAH

RONALD BENJAMIN MILLER                                              PLAINTIFF

v.                                          CIVIL ACTION NO.  5:11CV-P151-R

BRAD BOYD *et al.*                                                 DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of the *pro se* complaint (DN 1) pursuant
to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the
reasons that follow, all claims will be dismissed except for the official-capacity claims against
Defendant Jailer Boyd for deliberate indifference to the safety of Christian County Jail inmates.

### I.

Plaintiff Ronald Benjamin Miller, who is currently incarcerated at the Kentucky State
Reformatory (KSR), filed a civil-rights action under 42 U.S.C. § 1983 against the following
Christian County Jail officials in their individual and official capacities:  Jailer Brad Boyd,
Deputy Jailer Hansley, Capt. Davey Burd, Deputy Jailer Myers, and Deputy Jailer Steve
Howard.        Plaintiff alleges that an "attitude of 'Deliberate Indifference'" prevailed at the
Christian County Jail during his incarceration as a state inmate there.  He reports that on
November 24, 2010, his MP3 player was stolen off of his bunk while he was away for only a
couple of minutes.  After asking three times who had taken his player without a response,
Plaintiff informed the others in the cell that if the device was not returned at once, he would get
the guards involved.  Fearing discovery of their homemade tattoo gun and other contraband
items, fellow inmates Marco Vasquez, Denver Stewart, Robert Jackson, and Michael Pillow
threatened to "'whoop [Plaintiff's] ass'" if the guards got involved.

Plaintiff reports that at the time of this incident he had been at the jail for two months and had already been involved in a "'forced fight'" with inmate Charles Baker for the amusement of others due to their charges.  Plaintiff and Baker were surrounded and forced into a corner at the back of the cell away from windows.  Plaintiff reports sustaining two swollen, bruised hands and a fractured thumb and being refused an x-ray by the medical staff for these injuries.

Having been forced to fight already with Baker, Plaintiff was afraid he would get jumped so he did not get the guards involved in the matter involving his MP3 player.  Instead, at the advice of another inmate, Plaintiff pulled the power plug from the wall for the television to get the cell's attention.  In response, inmate Vasquez went over to Plaintiff, slapped him across the face, and told him that he was bringing unwanted attention to the cell.  Inmate Jackson started demanding that Plaintiff plug the television back in or else he was going to "'whoop my ass.'" Plaintiff stood there and told inmate Jackson, "if it was your property you would start tossing every ones stuff looking for it.  I am not big nor intimidating so I cant be a bully to get back my MP3 player."  Inmate Jackson then went and put his shoes on and told Plaintiff that if he did not plug the television in immediately he was going to get hurt.  Plaintiff pleaded for his MP3 player, but inmate Jackson said he did not have it.  When Plaintiff said that nobody was listening to him, inmate Jackson "started brutally punching" him in the face and jaw and kept following him around in a circle punching him.  When Jackson finished, he asked if Plaintiff "want[ed] some more."  Plaintiff just looked at him, and he punched Plaintiff in the jaw again.

Plaintiff reports that his face was swollen and burning; that he was swallowing blood; that he felt a "crunching sensation" in his jaw; that he had "a bloody split between a couple of his teeth and vertically down [his] bottom jawbone"; and that he was in "excruciating pain."  He

2

was afraid of getting assaulted again so he stopped asking about his MP3 player.  Also, stated Plaintiff, "I wanted to get out of that cell but was in fear that I would be jumped if I approached the food pass to wave a white towel or stop a guard."  Consequently, Plaintiff asked another inmate to pass a note to a guard.  That inmate was unable to pass the note but advised Plaintiff that he knew who took his MP3 player and that they sent it across the hall to cell 982.

Plaintiff then asked another inmate to pass a note to Deputy Ebenstein.  About ten minutes later, Plaintiff was taken from his cell, and he informed "them" that someone had stolen his MP3 player and that he was assaulted.  He was taken to the front office and questioned about the incident.  He was told that they were not going to shakedown two cells for his MP3 player or a tattoo gun; that he should have written the serial number down to avoid an issue like this; and that he should not have left it out to be taken.  Plaintiff asked Defendants Deputies Hansley and Myers how he was supposed to keep his property safe when inmates are not provided with any security devices.  Defendants responded that they were not going to search two cells to look for it and that "if the inmates what to get Hepatitis that's their problem."  Plaintiff reports that they also would not take his word that it was his MP3 player and that Lt. Fowler gave him a receipt for it.  They said that it was not their responsibility to record serial numbers, although Plaintiff advises that Boone County and other institutions document these things for the record.

Plaintiff also reports that on another occasion, inmate Vasquez stole his $40 money order.  When Plaintiff threatened to get the guards involved, inmate Vasquez punched him in the face.  Plaintiff asserts that the Christian County Jail puts inmates at risk for serious bodily harm by allowing them to hold their own cash in their cells.  The facility also allows gambling with

cards and dice right in front of guards.  These conditions, claims Plaintiff, are another example of the attitude of deliberate indifference at Christian County Jail.

Plaintiff reports attempting to grieve the issues to the jailer but that each time he wrote a grievance, it was intercepted by Defendant Capt. Burd.  He also alleges that Christian County has no official paper grievance system.  Further, he complains about an issue with Defendant Capt. Burd "about allowing me to press charges against people for hate crimes against sex offenders."

Finally, Plaintiff reports that he is still being refused proper medical attention.[1]  He states that his jaw is so swollen he cannot eat without being in extreme pain.  Plaintiff states that when he tries to eat, he feels his jawbone crunching and moving and has extreme pain.  He requested x-rays but was refused.  He claims that on one occasion, he was seen by a nurse who pushed on the swollen spots and "only issued IBU 800mg and the visit and everything else medical was charged to my account."

As relief, Plaintiff seeks monetary and punitive damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon

---

[1]At the time Plaintiff filed the complaint, he was incarcerated at KSR.  It, therefore, is unclear whether he is claiming that he was denied proper medical care at Christian County or is being denied treatment at KSR.

4

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the

duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19

(1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518

F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore

exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district

court from its legitimate advisory role to the improper role of an advocate seeking out the

strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*,

775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Plaintiff sues Defendants in both their individual and official capacities. Individual-

capacity "suits seek to impose personal liability upon a government official for actions he takes

under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "Official-capacity

suits, in contrast, 'generally represent only another way of pleading an action against an entity of

which an officer is an agent.'" *Id.* Plaintiff's official-capacity claims against Defendants,

therefore, are actually against Christian County. *See Lambert v. Hartman*, 517 F.3d 433, 440

(6th Cir. 2008).

"On the merits, to establish personal liability in a § 1983 action, it is enough to show that

the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky

v. Graham*, 473 U.S. at 166. "More is required in an official-capacity action, however, for a

governmental entity is liable under § 1983 only when the entity itself is a moving force behind

the deprivation." *Id.* (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)) (internal

quotation marks omitted). "[T]hus, in an official-capacity suit the entity's 'policy or custom'

must have played a part in the violation of federal law." *Id.* (quoting *Monell v. New York City*

*Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir.

2003) ("[T]o demonstrate municipal liability, [a plaintiff] must (1) identify the municipal policy

or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was

incurred due to execution of that policy.").

.        ***1. Safety of inmates***

Plaintiff alleges that the Christian County Jail has an environment of allowing bullying

by inmates (forced fights and assaults) and placing inmates at risk of serious bodily harm by

allowing them to hold cash in their cells.  The Court concludes that Plaintiff has sufficiently pled

a policy or custom of deliberate indifference to the safety of inmates at the Christian County Jail.

The Court will allow these Eighth Amendment claims to continue against Defendant Jailer Boyd

in his official-capacity.

As to the individual-capacity claims, Plaintiff fails to allege facts demonstrating that any

named Defendant was involved in the assaults or was otherwise deliberately indifferent to his

safety.  The Court will dismiss these Eighth Amendment individual-capacity claims.

***2. Missing MP3 player***

The Supreme Court has held that where adequate remedies are provided by state law, the

negligent or intentional loss or destruction of personal property does not state a claim cognizable

under the Due Process Clause of the Fourteenth Amendment.  *Hudson v. Palmer*, 468 U.S. 517,

533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981) (*rev'd on other grounds, Daniels v. Williams*,

474 U.S. 327 (1986)).  In order to assert a claim for deprivation of property without due process

pursuant to 42 U.S.C. § 1983, a plaintiff must allege that the state post-deprivation procedures

are inadequate to remedy the deprivation.  *Parratt*, 451 U.S. at 543-44.  The law of this Circuit is

in accord.  For example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the court held that

"in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Id.* at 1066.  The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*.  *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985).  Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation of his personal property.  Accordingly, Plaintiff fails to state a claim under the Due Process Clause against Defendants, individually or in their official capacities.

### 3.  *Denied medical treatment*

"To sustain a cause of action under § 1983 for failure to provide medical treatment, plaintiff must establish that the defendants acted with 'deliberate indifference to serious medical needs.'" *Watkins v. City of Battle Creek*, 273 F.3d 682, 686 (6th Cir. 2001); *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976).  A viable Eighth Amendment claim must satisfy both an objective component and a subjective component.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1984); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  The objective component requires that the deprivation be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see also Hudson v. McMillian*, 503 U.S. 1 (1992).  An inmate must show that he was deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  The subjective component requires the defendant to act with "deliberate indifference" to a prisoner's health or safety.  *Wilson v. Seiter*, 501 U.S. at 302-03.  "'[A]cting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Street*, 102 F.3d at 815 (quoting *Farmer*, 511 U.S. at 836).

8

Plaintiff has not alleged that any staff member acted pursuant to a policy or custom in causing any alleged harm.  Nothing in the complaint or its supplement demonstrates that the action or inaction of any medical personnel occurred as a result of a policy or custom implemented or endorsed by Christian County.  The complaint, therefore, fails to establish a basis of liability against the municipality and, therefore, fails to state a cognizable § 1983 claim against Defendants in their official capacities.

Additionally, because Plaintiff fails to allege that any named Defendant denied him medical treatment, the individual-capacity claims will be dismissed as well.  The Court will provide Plaintiff with an opportunity to amend the complaint to name Defendants who allegedly denied him medical treatment.

### 4. *Charged for medical services*

Plaintiff alleges that after he was seen by a nurse he was given medication and "everything else medical was charged to my account."  "It is constitutional to charge inmates a small fee for health care where indigent inmates are guaranteed service regardless of ability to pay."  *White v. Corr. Med. Servs.*, 94 F. App'x 262, 264 (6th Cir. 2004).  Because Plaintiff does not allege that he was denied treatment due to failure to pay fees, he has failed to state a constitutional violation for being charged for medical services.

### 5. *Grievances*

Plaintiff alleges that Defendant Burd intercepts his grievances and also alleges that Christian County has no official paper grievance system.

"Prison inmates do not have a constitutionally protected right to a grievance procedure," *Miller v. Haines*, No. 97-3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998) (citing *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 138 (1977) (Burger, J., concurring) ("I

do not suggest that the [grievance] procedures are constitutionally mandated."), and "there is no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). Plaintiff having failed to establish a Fourteenth Amendment due process violation stemming from the grievance process, both the official- and individual-capacity claims must be dismissed for failure to state a claim upon which relief may be granted.

### 6. *Failed to press charges*

"Authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."). As "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973), Plaintiff's claim regarding the failure to press charges must be dismissed.

## IV.  ORDER

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the official-capacity claims against Defendant Jailer Boyd for deliberate indifference to the safety of Christian County Jail inmates shall proceed past initial review.  The Court will enter a separate Scheduling Order governing the development of the continuing claims.

**IT IS FURTHER ORDERED** that within **30 days** of the entry of this Order, **Plaintiff may move to amend** his denial-of-medical-treatment claim to provide more specific details and name as Defendants those allegedly responsible for the denial.  The **Clerk of Court is DIRECTED** to send Plaintiff a § 1983 complaint form to fill out should he wish to amend that claim.

Finally, **IT IS ORDERED** that all other claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**As no claims remain against Defendants Hansley, Burd, Myers, and Howard, the Clerk of Court is DIRECTED to terminate them from this action.**

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Christian County Attorney
4413.005